# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>                           Plaintiff,     )<br>        vs.                                              )<br>                                                            )<br>RENZO MARISCAL-SANABIA,       )<br>                                                            )<br>                           Defendant.   )<br>_____ ) | Case No.: 2:19-cr-00251-GMN-NJK-6<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is Defendant Renzo Mariscal-Sanabias' Motion for Sentence Reduction Under Amendment 821, (ECF No. 222).  Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility.[1]  Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–20, ECF No. 225).

---

[1] The Court entered an Order, (ECF No. 226), requiring the Government to file a response to Defendant's Motion for Sentence Reduction.  The Government filed a Response, contending that the Court's Order contravened General Order 2023-09, "which states that [i]f defense counsel determines that a defendant is ineligible for a sentence reduction under Amendment 821, *the Government does not need to file a response*." (Resp. 2:5–7, ECF No. 227) (quoting General Order 2023-09 at 2) (emphasis in original).  The Court respectfully disagrees with the Government's interpretation of General Order 2023-09.  General Order 2023-09 makes clear that the Government is not obligated to file a response if defense counsel files a notice of non-eligibility.  But the plain language of General Order 2023-09 neither explicitly constrains or precludes the Court from ordering either or both the FPD or Government to submit additional filings, including points and authorities.  It remains within the Court's discretion to determine if defense counsel's notice of non-eligibility, standing alone, presents sufficient justification to deny a defendant's motion for sentence reduction.  Although the Court may order additional briefings, it has independently reviewed the record and finds that Defendant does not qualify for a sentence reduction, thereby relieving the Government from filing a response.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

## I. BACKGROUND

In February 2022, Defendant pleaded guilty to Count 1 of the Superseding Information for Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. (*See* Mins. Proceedings, ECF No. 212); (Judgment ("J."), ECF No. 213). The Court sentenced Defendant to 96 months custody, to be followed by three years supervised release. (J.). Defendant subsequently filed the instant Motion for Sentence Reduction Under Amendment 821, (ECF No. 222).

## II. LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the

applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

### III. DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821 is bifurcated into Parts A and B.  The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

**A. Part A – Amendment 821**

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1.  Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Defendant is not eligible for a sentence reduction under Part A for two reasons. First, application of Part A would not change Defendant's Criminal History Category.  Defendants are placed into Criminal History Category V if they have 10 to 12 criminal history points. *See* U.S.S.G. ch. 5, part A.  Here, Defendant had 11 criminal history points at the time of sentencing. (Gov. Sentencing Mem. 5:10–12, ECF No. 210).  Assuming Amendment 821's application, Defendant would have one criminal history point removed because he had more than six criminal history points from prior convictions.  *See United States v. Leu*, No. 3:19-cr-

283, 2024 WL 253660, at *2 (W.D.N.C. Jan. 23, 2024).  With 10 criminal history points, Defendant's Criminal History Category would remain Category V. U.S.S.G. ch. 5, part A. Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  Because the recalculation of Defendant's criminal history score does not affect his Criminal History Category and his guideline sentence, the Court is not authorized to reduce his term of incarceration. *See United States v. Taylor*, No. 5:20-cr-00045, 2023 WL 743977, at *1 (W.D. N.C. Nov. 9, 2023) (denying the defendant's motion for sentence reduction based on Amendment 821 where the defendant would still have the same criminal history category even after reducing his status points because there would be no "change [to] the applicable sentencing guidelines").

Second, even if Amendment 821 did lower Defendant's guideline range, Defendant would still not be entitled to a sentence reduction because he was sentenced to a term of imprisonment that is lower than his amended guideline range would provide.  With a total offense level of 27, and Criminal History Category IV, Defendant would now have an amended guideline range of 100 to 125 months. U.S.S.G. ch. 5, part A.  The Court ultimately gave Defendant a below guideline sentence of 96 months imprisonment. (J.).  U.S.S.G. § 1B1.10(b)(2) provides that, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2).  Because the record does not show that Defendant received a sentence reduction based on substantial assistance to the United States, the policy statement precludes any reduction in his sentence. *See United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023)

(holding the policy statement precluded a reduction in sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 where the defendant's original 72-month sentence was below the low end of the amended range). Accordingly, a sentence reduction is not warranted under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *Diaz-Diaz*, 2023 WL 9040636, at *1; *see also* U.S.S.G. § 4C1.1(a). Defendant had 11 criminal history points at sentencing. (PSR ¶¶ 82–83). As a result, Defendant does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 222), is **DENIED**.

DATED this __27__ day of February, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court